IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BENNIE D. HERRING, #07956-002                                                            PETITIONER

VERSUS                                                   CIVIL ACTION NO. 5:07cv82-DCB-MTP

CONSTANCE REESE, Warden FCI-Yazoo City                                         RESPONDENT

ORDER

This cause comes before this court on petitioner's Motion for Immediate Release or Conditional Release [6-1]. The petitioner has filed the instant civil action pursuant to 28 U.S.C. § 2241 arguing that the respondent has failed to correctly credit his sentence with "prior jail credit."

Liberally construing this motion as a request for a preliminary injunction, the court has considered the petitioner's motion, as well as the applicable law, and finds that such a request should be denied. In order to receive a preliminary injunction, the petitioner must prove (1) a substantial likelihood of success on the merits of his case; (2) a substantial threat that failure to grant the order will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause defendants; and (4) the injunction will not have an adverse affect on the public interest. <u>Women's Med. Ctr. v. Bell</u>, 248 F.3d 411, 418-420 (5th Cir. 2001); <u>Lakedreams v. Taylor</u>, 932 F.2d 1103, 1107 (5th Cir. 1991). Each of the requirements must be satisfied because if any one of them is not, then it will result in the denial of the request for a preliminary injunction. <u>Enterprise Intern.,Inc. v. Corporation Estatal Petrolear Ecuatoriana</u>, 762 F.2d 464, 472 (5th Cir. 1985).

"A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion.'"

Black Fire Fighters Ass'n v. City of Dallas, Texas, 905 F.2d 63, 65 (5th Cir. 1990) (quoting Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985)).  The granting or denial of a motion for a preliminary injunction rests in the sound discretion of the trial court. Lakedreams v. Taylor, 932 F.2d 1103 (5th Cir. 1991) (citing Apple Barrel Productions, Inc. v. Beard, 730 F.2d 384, 386 (5th Cir. 1984)).  The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits.  Canal Authority of State of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974).

  Having considered the petitioner's motion, this court finds that the petitioner fails to present facts to support each of the requirements that he is entitled to a preliminary injunction.

Therefore, in light of the foregoing prerequisites and standards, the petitioner's Motion for Immediate Release or Conditional Release [6-1] is **denied** without a hearing.

  SO ORDERED, this the   14th   day of June, 2007.


               s/ David Bramlette
           UNITED STATES DISTRICT JUDGE